SCOTT J. SAGARIA (BAR # 217981)
PATRICK C. CALHOUN (BAR # 56671)
SAGARIA LAW
333 WEST SAN CARLOS STREET
SUITE 1700
SAN JOSE, CALIFORNIA 95110
(408) 279-2288
(408) 279-2299 FAX

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In Re:<br><br>NILESH SHAH and<br><br>JAGRUTI NILESH SHAH,<br><br>Debtors. | Case No. 10-40467 EDJ<br><br>Chapter 11<br><br>Date:<br>Time:<br>Judge: Edward D. Jellen<br>Room: 1300 Clay Street<br>Room 215<br>Oakland, CA 94612 |

**PLAN OF REORGANIZATION**

FILED BY: Patrick Calhoun

SAGARIA LAW, P.C.
333 W. San Carlos Street
Suite 1700
San Jose, CA 95110

Attorneys for Nilesh Shah & Jagruti Nilesh Shah

# ARTICLE I

## SYNOPSIS OF DEBTOR'S PLAN OF REORGANIZATION

This Plan of Reorganization (hereinafter the Plan) has been prepared by Jagruti Nilesh Shah and Nilesh Shah (hereinafter Debtors). The Plan provides for payments to all secured and unsecured claims against Debtors. Debtors propose to surrender their 2007 Toyota Sienna and continue to make payments on the 2007 Toyota Prius, pursuant to the current terms of their contract. Debtors will continue to make payments pursuant to the mortgage for their primary residence and shall pay off all miscellaneous expenses in a one time payment after confirmation. Debtors propose to pay Jad Massis $60,000 through 5 years of monthly payments with interest accruing at 4%. The balance of Jad Massis claim shall be deemed unsecured. All debt in excess of a property's fair market value shall be treated as unsecured. This pertains to the following obligations: Digital Federal Credit Union's unsecured second mortgage on 48477 Cereus Court, Fremont, CA 94539, in the amount of $102,475.10, and Digital Federal Credit Union's unsecured equity line on 48477 Cereus Court, Fremont, CA 94539, in the amount of $48,313.24. Creditors holding general unsecured non-priority claims will be repaid their pro rata share of 10% of Debtors total unsecured debt over 5 years. Debtors assume all executory contracts not expressly rejected. Equity security holders' interests in Debtors' estate shall remain unaltered.

The Plan is Debtors' proposed contract with their creditors. Debtors are requesting creditor approval of the Plan and the Court's permission to implement the Plan.

///

## ARTICLE II

## A. CLASSIFICATION OF CLAIMS AND INTERESTS

All Claims and interests except non-classified Claims are placed into 7 separate categories in accordance with the Bankruptcy Code as follows:

**Class 1 – Secured Claim of Digital Federal Credit Union**: Class 1 consists of the allowed claim of Digital Federal Credit Union secured by the 2007 Toyota Sienna.

**Class 2 – Secured Claim of Digital Federal Credit Union**: Class 2 consists of the allowed claim of Digital Federal Credit Union secured by the 2007 Toyota Prius.

**Class 3 – Secured Claim of GMAC Mortgage LLC, as successor in interest to HSBC Bank, N.A. also known as HSBC Mortgage Corporation, USA**: Class 3 consists of the allowed claim of GMAC Mortgage LLC, as successor in interest to HSBC Bank, N.A., also known as HSBC Mortgage Corporation, USA secured by 48477 Cereus Court, Fremont, CA 94539.

**Class 4 – Secured Claim of Jad Masssis.** Class 4 consists of the allowed claim by Jad Massis secured by the value of the business Discount Club.

**Class 5 – Claims of all General Unsecured Non Priorty Claims:** Class 5 consists of the allowed general unsecured claims other than priority tax creditors. Unless otherwise expressly stated in the Plan, distributions to holders of allowed claims and allowed interests are in full satisfaction of those claims and interests.

**Class 6 – Executory Contracts**: Class 6 consists of the all executory contracts currently entered into by Debtor's estate**.**

**Class 7 – Equity Interests**: Class 7 consists of the holders of Equity Interests. Jagruti Nilesh Shah and Nilesh Shah, the Debtors, are the sole equity interest holders.

/ / /

## B. TREATMENT OF NON-CLASSIFIED CLAIMS

Certain categories of claims need not be classified under the Bankruptcy Code. These categories include administrative expense claims, unsecured priority claims for taxes incurred in the Chapter 11, Court fees and United States Trustee fees.

1. **Administrative Expenses**

   a) Debtors' attorney, Sagaria Law, P.C.'s Application to Employ was submitted on April 19, 2010 and is awaiting final approval by the Court. Debtors paid a general retainer to Sagaria Law, P.C. in the amount of $17,569.00, plus the $1,039.00 Chapter 11 filing fee. Sagaria Law estimates it will incur an additional $5,000 in fees through Plan confirmation. Fees owed to Sagaria Law, P.C. can only be paid upon application to, and approval by the United States Bankruptcy Court. Sagaria Law, P.C. has agreed to accept payments over time to assist Debtors in their reorganization.

   b) **Court Fees and Costs**

   All fees and costs Debtors owe pursuant to 28 U.S.C. § 1930 will be paid in full on or before the Effective Date of the Plan

   c) **United States Trustees Fees**

   The Bankruptcy Code requires Debtors to pay a fee to the Office of the United States Trustee during the pendency of its Chapter 11 case until the case is converted, dismissed or closed pursuant to a Final Decree. Debtors are current on fees owed to the United States Trustee.

///

2. **Priority Tax Claims:** The priority tax claims consist of two claims totaling

   a. The Internal Revenue Service's claim is in the amount of $1,394.00. Debtor shall pay the $1,394.00 over a one year period starting on the effective date of the plan. The claim from the Internal Revenue Service shall accrue interest at 4% per annum. Monthly payments shall be in the amount of $118.70.

   b. The State Board of Equalization's claim is in the amount of $19,147.00. Debtors shall pay the $1,394.00 over a four year period starting on the effective date of the plan. The claim from the State Board of Equalization shall accrue interest at 18% per annum. Monthly payments shall be in the amount of $562.44.

3. **TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS**

   a. **Class 1- Digital Federal Credit Union:** Claim of $24,000.00 secured by a 2007 Toyota Sienna, with an estimated value of $24,000.00. Debtors intend to surrender property.

   b. **Class 2- Digital Federal Credit Union:** Claim of $16,135.00 secured by a 2007 Toyota Prius. Debtors propose to continue the current monthly payment of $474.00. Debtor is current on payments. Payments shall continue until balance paid in full.

   c. **Class 3 - GMAC Mortgage LLC, as successor in interest to HSBC Bank, N.A. also known as HSBC Mortgage Corporation, USA**: Claim of $559,692.67, including $1,894.59 interest and miscellaneous expenses, secured by 48477 Cereus Court, Fremont, CA 94539.

Debtors propose to pay fully the current monthly mortgage payment of $1,864.00. Payment is to begin within 30 days subsequent to confirmation. Payments shall continue to principal is paid in full. Debtor proposes to pay off all interest and miscellaneous expenses within 30 days subsequent to confirmation through the use of cash in the DIP accounts in a one-time payment.

d. **Class 4 - Jad Massis** - Claim of $101,131.95 secured by the business known as Discount Club, formerly the Reliable Grocery. Debtors have entered into agreement with Jad Massis, with a stipulation to follow, that the value of the Discount Club will be $60,000. This secured debt shall incur interest at 6.5% per annum. Debtor proposes to repay this amount over five years at monthly payments of $1,173.97. Payments shall begin 15 days after confirmation of the plan. The remaining $41,131.95 shall be deemed unsecured debt and be paid according to Class 5.

e. **Class 5 - General Unsecured Creditors**: The total of all allowed general unsecured claims is $1,789,357.00. Debtors propose to repay 10% of all unsecured debt over five years. Payments of $2,982.26 will be made monthly and distributed pro rata. Payments shall begin 15 days after confirmation of the plan.

f. **Class 6 - Executory Contracts:** Debtors only assume all executory contracts not expressly rejected.

g. **Class 7 – Equity Security Holders:** Equity security holders' interest in Debtors' estate shall remain unaltered.

## ARTICLE III

## VOTING

Debtors are seeking acceptance from holders of Allowed Claims in Classes 3, 4 and 5. Classes 3, 4 and 5 are impaired under the Plan.

## ARTICLE V

## IMPLEMENTATION OF THE PLAN

**A. Funding of the Plan:**

The funds necessary for the implementation of the plan will arise from Debtors' personal income generated through income from employment and revenue from the "Discount Club," their family owned convenience store. According to Debtors' Monthly Operating Reports for September 2010 through October 2010, Debtors monthly income is on average $10,105.00.

**B. Distribution of Funds:**

The Disbursing agent will distribute funds on account of the allowed claims pursuant to the terms of the plan. The Disbursing Agent shall also be responsible for reserving amounts for payment of any disputed claims until such time that the disputed claims are either disallowed or become allowed claims. Any funds so reserved will be held in a segregated account.

**C. Post-Confirmation Operations and Administration:**

Debtors will continue to operate, file post confirmation quarterly reports required by the U.S. Trustee, and pay the required U.S. Trustee fees until such time as Debtors are prepared to apply for a Final Decree. Debtors will also continue to timely file quarterly payroll returns with

the IRS and annual income tax returns and pay all payroll taxes and income taxes due to the IRS.

## ARTICLE V

## GENERAL PROVISIONS
## RETENTION OF JURISDICTION

The Court shall retain jurisdiction should it be necessary to carry out the terms of the Plan.

A. **Effective Date of the Plan**: The Effective Date of the Plan is 30 days after the Order of Confirmation is entered on the docket, if no notice of appeal from that order has been filed. If a notice of appeal has been filed, the Plan proponent may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed. If a stay of the confirmation order has been issued, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order had not been vacated.

B. **Final Decree:** When the Plan is substantially consummated, which will be when the first payments are deposited to the account for creditors in Classes 3, 4 and 5 the Reorganized Debtors shall file an application for a Final Decree and shall serve the application on the United States Trustee, together with a proposed Final Decree. The United States Trustee shall review the status of the case before consenting to the court's entry of the Final Decree.

C. **Substantial Consummation:** Substantial consummation will be achieved upon confirmation of the Plan and Debtors' first payments deposited into the account for creditors in Class 3, 4 and 5.

D. **Vesting of Property in Debtor:** On the Effective Date, all property of the estate shall vest in the Reorganized Debtors pursuant to Section 1141(b) of the Bankruptcy Code, provided that the vesting of said property shall be without prejudice to and shall not act as a bar to a post-confirmation motion to convert this case to one under Chapter 7 of Title 11 by the United States Trustee or any other party in interest on any appropriate grounds, and, upon the granting of such motion, the Plan shall terminate and the Chapter 7 estate shall consist of all remaining property in the Chapter 11 estate not already administered. Such remaining property shall be administered by the Chapter 7 Trustee as prescribed in Chapter 7 of the Bankruptcy Code. The Reorganized Debtors reserve the right to oppose any such motion.

E. **Post-Confirmation Professional Fees:** A professional performing post-confirmation services for the Debtors are not required to obtain court approval of his/her fees and costs.

F. **Modification of the Plan:** The Plan may be altered, amended or modified by the Debtors before or after Confirmation as provided in Section 1127 of the Bankruptcy Code. Debtors may modify the Plan prior to the Effective Date if the Court determines that the modification does not materially or adversely affect

G. **Notices:** Any notice to Debtors shall be in writing and mailed and shall be deemed to have been given three days after the date sent by first class mail, postage prepaid and addressed as follows:

> Patrick Calhoun, Esq.
> SAGARIA LAW, P.C.
> 333 W. San Carlos, Suite 1700
> San Jose, CA  95110

H. **United States Trustee Fees:** Debtors shall pay United States Trustee fees until the case is closed pursuant to a Final Decree.

I. **Prepayment/Moratoria:** Nothing in the Plan shall prevent Debtors from completing the Plan earlier than scheduled. Debtors also reserve the right to postpone payments for short periods of time if such postponement assists Debtors in completing the Plan.

J. **Discharge:** Upon confirmation of the Plan, Debtors will emerge from bankruptcy and be working under contract with its creditors.

## ARTICLE VIII

## POST-CONFIRMATION REPORTS AND FEES

A. **Post-Confirmation United States Trustee Quarterly Fees:** A quarterly fee shall be paid by the Reorganized Debtors to the United States Trustee, based upon all disbursements made by Debtor, post-confirmation, until this case is converted, dismissed or closed pursuant to a Final Decree as required by 28 U.S.C. § 1930(a)(6). Reports shall include an analysis of plan payments placed in trust for creditors.

B. **Chapter 11 Post-Confirmation Reports and Final Decree:** At the end of the calendar quarter first occurring after entry of the Confirmation Order, the Reorganized Debtors shall file a post-confirmation status report, the purpose of which is to explain the progress made toward substantial consummation of the confirmed plan of reorganization. The report shall include a statement of receipts and disbursements, with the ending cash balance, for the entire 90 day period. The report shall also include information sufficiently comprehensive to enable the court

PLAN OF REORGANIZATION -- Page 10 of 12
Case: 10-40467   Doc# 73   Filed: 11/19/10   Entered: 11/19/10 18:29:57   Page 10 of 12

to determine: (1) whether the order confirming the Plan has become final; (2) whether deposits, if any, required by the Plan have been distributed; (3) whether any property proposed by the Plan to be transferred has been transferred; (4) whether the Reorganized Debtors under the Plan has assumed the business or the management of the property dealt with by the Plan; (5) whether payments under the Plan have commenced; (6) whether accrued fees due to the United States Trustee under 28 U.S.C. §1930(a)(6) have been paid; and (7) whether all motions, contested matters and adversary proceedings have been finally resolved. Further reports will be filed every 90 days thereafter until entry of the Final Decree. The Reorganized Debtors will continue to provide reports concerning the Plan payments to the United States Trustee until the case is closed.

**C. <u>Service of Reports</u>:** A copy of each report shall be served, no later than three days from the date it is filed with the court, upon the United States Trustee and other such persons or entities as my request such reports in writing, by notice served on Debtors and Debtors' attorney.

///

///

///

///

Case: 10-40467   Doc# 73   Filed: 11/19/10   Entered: 11/19/10 18:29:57   Page 11 of 12

## ARTICLE IX

## **CONCLUSION**

Nilesh Shah and Jagruti Nilesh Shah request that creditors vote to approve the Plan.

Respectfully submitted,

SAGARIA LAW, P.C.

Dated: November 19, 2010     */s/ Patrick Calhoun* _____
                             Patrick Calhoun, Esq.

Dated: November 19, 2010     */s/ Nilesh Shah* _____
                             Nilesh Shah

Dated: November 19, 2010     */s/ Jagruti Nilesh Shah* _____
                             Jagruti Nilesh Shah