SCOTT J. SAGARIA (BAR # 217981)
PATRICK C. CALHOUN (BAR # 56671)
SAGARIA LAW
333 WEST SAN CARLOS STREET
SUITE 1700
SAN JOSE, CALIFORNIA 95110
(408) 279-2288
(408) 279-2299 FAX

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In Re:<br><br>NILESH SHAH and<br><br>JAGRUTI NILESH SHAH,<br><br>Debtors. | Case No. 10-40467 EDJ<br><br>Chapter 11<br><br>Date:<br>Time:<br>Judge:   Edward D. Jellen<br>Room:   1300 Clay Street<br>          Room 215<br>          Oakland, CA 94612 |

**AMENDED PLAN OF REORGANIZATION**

FILED BY:  Patrick Calhoun

SAGARIA LAW, P.C.
333 W. San Carlos Street
Suite 1700
San Jose, CA  95110

Attorneys for Nilesh Shah & Jagruti Nilesh Shah

# ARTICLE I

## SYNOPSIS OF DEBTOR'S PLAN OF REORGANIZATION

This Amended Plan of Reorganization (hereinafter the Plan) has been prepared by Jagruti Nilesh Shah and Nilesh Shah (hereinafter Debtors). The Plan provides for payments to all secured and unsecured claims against Debtors. Debtors propose to surrender their 2007 Toyota Sienna and continue to make payments on the 2007 Toyota Prius, pursuant to the current terms of their contract. Debtors will continue to make payments pursuant to the mortgage for their primary residence and shall pay off all miscellaneous expenses in a one time payment after confirmation. Debtors propose to pay fully the secured portion of Digital Federal Credit Union's claim, $50,307.33, secured by their primary residence. This secured debt shall incur interest at 6.5% per annum. Debtor proposes to repay this amount over five years in monthly payments of $984.32. The balance shall be deemed unsecured debt. Debtors propose to pay Jad Massis' $60,414.00through 5 years of monthly payments with interest accruing at 6.5%. The balance of Jad Massis' claim shall be deemed unsecured. All debt in excess of a property's fair market value shall be treated as unsecured. This pertains to the following obligations: Digital Federal Credit Union's unsecured portion of the second mortgage on 48477 Cereus Court, Fremont, CA 94539, in the amount of $52,167.77, and Digital Federal Credit Union's unsecured equity line on 48477 Cereus Court, Fremont, CA 94539, in the amount of $48,313.24. Creditors holding general unsecured non-priority

claims will be repaid their pro rata share of 9% of Debtors' total unsecured debt over 5 years. Debtors assume all executory contracts not expressly rejected. Equity security holders' interests in Debtors' estate shall remain unaltered.

## ARTICLE II

**A. <u>CLASSIFICATION OF CLAIMS AND INTERESTS</u>**

All Claims and interests except non-classified Claims are placed into 7 separate categories in accordance with the Bankruptcy Code as follows:

**Class 1 – Secured Claim of Digital Federal Credit Union**: Class 1 consists of the allowed claim no. 14 of Digital Federal Credit Union secured by the 2007 Toyota Sienna.

**Class 2 – Secured Claim of Digital Federal Credit Union**: Class 2 consists of the allowed claim no. 13 of Digital Federal Credit Union secured by the 2007 Toyota Prius.

**Class 3 – Secured Claim of GMAC Mortgage LLC, as successor in interest to HSBC Bank, N.A. also known as HSBC Mortgage Corporation, USA**: Class 3 consists of the allowed claim no. 17 of GMAC Mortgage LLC, as successor in interest to HSBC Bank, N.A., also known as HSBC Mortgage Corporation, USA secured by 48477 Cereus Court, Fremont, CA 94539.

**Class 4 – Secured Claim of Digital Federal Credit Union**: Class 4 consists of the allowed claim no. 12 secured by 48477 Cereus Court, Fremont, CA 94539.

**Class 5 – Secured Claim of Jad Masssis.** Class 4 consists of the allowed claim no. 11 by Jad Massis secured by the value of the business Discount Club.

**Class 6 – Secured Claim of Jad Masssis.** Class 6 consists of the allowed claim by Cienna Capital, LLC secured by 3438 Broadway Street, American Canyon, CA 94503.

**Class 7 – Secured Claim of Jad Masssis.** Class 7 consists of the allowed claim no. 2 by Napa Valley Tax Collector secured by 3438 Broadway Street, American Canyon, CA 94503.

**Class 8 – Claims of all General Unsecured Non Priorty Claims:** Class 9 consists of the allowed general unsecured claims other than priority tax creditors. Unless otherwise expressly stated in the Plan, distributions to holders of allowed claims and allowed interests are in full satisfaction of those claims and interests.

**Class 9 – Executory Contracts**: Class 10 consists of the all executory contracts currently entered into by Debtor's estate.

**Class 10 – Equity Interests**: Class 7 consists of the holders of Equity Interests. Jagruti Nilesh Shah and Nilesh Shah, the Debtors, are the sole equity interest holders.

///

**B. TREATMENT OF NON-CLASSIFIED CLAIMS**

Certain categories of claims need not be classified under the Bankruptcy Code. These categories include administrative expense claims, unsecured priority claims for taxes incurred in the Chapter 11, Court fees and United States Trustee fees.

1. **Administrative Expenses**

   a) Debtors' attorney, Sagaria Law, P.C.'s Application to Employ was submitted on April 19, 2010 and is awaiting final approval by the Court. Debtors paid a general retainer to Sagaria Law, P.C. in the amount of $17,569.00, plus the $1,039.00 Chapter 11 filing fee. Sagaria Law estimates it will incur an additional $5,000 in fees through Plan confirmation. Fees owed to Sagaria Law, P.C. can only be paid upon application to, and approval by the United States Bankruptcy Court. Sagaria Law, P.C. has agreed to accept payments over time to assist Debtors in their reorganization.

   b) **Court Fees and Costs**

   All fees and costs Debtors owe pursuant to 28 U.S.C. § 1930 will be paid in full on or before the Effective Date of the Plan

   c) **United States Trustees Fees**

   The Bankruptcy Code requires Debtors to pay a fee to the Office of the United States Trustee during the pendency of its Chapter 11 case until the

AMENDED PLAN OF REORGANIZATION -- Page 5 of 15
Case: 10-40467   Doc# 111   Filed: 04/07/11   Entered: 04/07/11 20:36:07   Page 5 of 15

case is converted, dismissed or closed pursuant to a Final Decree. Debtors are current on fees owed to the United States Trustee.

2. **Priority Tax Claims:** The priority tax claims consist of one claim:

   a. The State Board of Equalization's claim No. 17 in the former case of Nilesh Shah (#10-43908) is in the amount of $19,349.96. The debt shall be paid over three and a half years or 42 months. The claim from the State Board of Equalization shall accrue interest at 18% per annum. Monthly payments shall be in the amount of $624.31. Payments shall begin 15 days after the Effective Date of the Plan.

3. **TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS**

   a. **Class 1- Digital Federal Credit Union:** Claim No. 14 of $24,000.00 secured by a 2007 Toyota Sienna, with an estimated value of $24,000.00. Debtors intend to surrender property.

   b. **Class 2- Digital Federal Credit Union:** Claim No. 13 of $16,135.00 secured by a 2007 Toyota Prius. Debtors propose to continue the current monthly payment of $474.00. Debtor is current on payments. Payments shall continue until balance paid in full.

   c. **Class 3 - GMAC Mortgage LLC, as successor in interest to HSBC Bank, N.A. also known as HSBC Mortgage Corporation, USA**: Claim No. 17 of $559,692.67, including $1,894.59 interest and miscellaneous

expenses, secured by 48477 Cereus Court, Fremont, CA 94539. Debtors propose to pay fully the current monthly mortgage payment of $1,864.00. Payments shall continue until principal is paid in full. Debtor proposes to pay off all interest and miscellaneous expenses through the use of cash in DIP accounts in a one-time payment of $1,894.59. Payments shall begin 15 days after the Effective Date of the Plan.

d. **Class 4- Digital Federal Credit Union:** Claim No. 12 for $102,475.10, including $7,486.56 interest and miscellaneous expenses, secured by 48477 Cereus Court, Fremont, CA 94539. Debtors have reached an agreement with Digital Federal Credit Union that the value of 48477 Cereus Court, Fremont, CA 94539 is $610.000.00. Debtors propose to pay the secured portion of Digital Federal Credit Union's claim, $50,307.33 shall be paid fully over five years, accruing interest at 6.5%, and the remainder of Digital Federal Credit Union's claim, $52,167.77 shall be treated as a general unsecured claim and paid according to Class 8. Monthly payments shall be in the amount of $984.32. Payments shall begin 15 days after the Effective Date of the Plan.

e. **Class 5 - Jad Massis** - Claim No. 11 in the former case of Nilesh Shah (#10-43908) of $101,131.95 secured by the business known as Discount

Club, formerly the Reliable Grocery. Debtors have reached an agreement with Jad Massis that the value of the Discount Club is $60,414.00. This secured debt shall incur interest at 6.5% per annum. Debtor proposes to repay this amount over five years in monthly payments of $1,182.07. Payments shall begin 15 days after the Effective Date of the Plan. The remaining $40,717.95 shall be deemed unsecured debt and paid according to Class 8.

f. **Class 6 – Cienna Capital, LLC:** Debtors own a 50% interest in Pooja Oil Company, LLC which owns 3438 Broadway Street, American Canyon, CA 94503. Cienna Capital, LLC holds a mortgage on this property for $101,489.56. The current fair market value of the property is $369,000.00 according to Debtors' schedule 'D.' Debtors intends to surrender their interest in Pooja Oil Company, LLC.

g. **Class 7 – Cienna Capital, LLC:** Debtors own a 50% interest in Pooja Oil Company, LLC which owns 3438 Broadway Street, American Canyon, CA 94503. Napa Valley Tax Collector holds a secured tax lien on the property for $33,810.82, *see* Claim No. 2. The current fair market value of the property is $369,000.00 according to Debtors' schedule 'D.' Debtors intends to surrender their interest in Pooja Oil Company, LLC.

h. **Class 8 - General Unsecured Creditors**: The total of all allowed general unsecured claims is $1,642,684.40. Debtor proposes to repay 9% of all unsecured debt over five years. Payments of $2,464.03 will be made monthly and distributed pro rata. Payments shall begin 15 days after confirmation of the plan.

i. **Class 9 - Executory Contracts:** Debtors only assume all executory contracts not expressly rejected.

j. **Class 10 – Equity Security Holders:** Equity security holders' interest in Debtors' estate shall remain unaltered.

## ARTICLE III

## VOTING

Debtors are seeking acceptance from holders of Allowed Claims in Classes 3, 4, 5 and 8. Classes 3, 4, 5 and 8 are impaired under the Plan.

## ARTICLE V

## IMPLEMENTATION OF THE PLAN

**A. Funding of the Plan:**

According to Debtors' Monthly Operating Report for October 2010 through February 2011[1], Nilesh Shah's average monthly salary income from Adios Services, Inc. is $2,173.00. Average gross income from the operation of the business known as

---

[1] The income generated for September 2010 Monthly Operating Report should not be included in the average due to the fact that the report reflects only for the final two weeks of that reporting period.

Discount Club is $34,886.60. Jagruit Nilesh Shah's average monthly income from her salary at Xorient Corporation is $4,974.0. Jagruit Nilesh Shah's other average monthly income from Xorient Corporation consists of $1,101.60 in commission and $600.00 in 1099 income. The average total gross monthly income is $43,735.20. Debtors' actual average net income is $8,479.00.

**Distribution of Funds:**

The Disbursing agent will distribute funds on account of the allowed claims pursuant to the terms of the plan. The Disbursing Agent shall also be responsible for reserving amounts for payment of any disputed claims until such time that the disputed claims are either disallowed or become allowed claims. Any funds so reserved will be held in a segregated account.

    **B. Post-Confirmation Operations and Administration:**

Debtors will continue to operate, file post confirmation quarterly reports required by the U.S. Trustee, and pay the required U.S. Trustee fees until such time as Debtors are prepared to apply for a Final Decree. Debtors will also continue to timely file quarterly payroll returns with the IRS and annual income tax returns and pay all payroll taxes and income taxes due to the IRS.

///

Case: 10-40467   Doc# 111   Filed: 04/07/11   Entered: 04/07/11 20:36:07   Page 10 of 15

# ARTICLE V

## GENERAL PROVISIONS
## RETENTION OF JURISDICTION

The Court shall retain jurisdiction should it be necessary to carry out the terms of the Plan.

A. **Effective Date of the Plan**: The Effective Date means the first business day to fall at least 15 days from the date of Confirmation.

B. **Final Decree:** When the Plan is substantially consummated, which will be when the first payments are deposited to the account for creditors in Classes 3, 4, 5 and 8 the Reorganized Debtors shall file an application for a Final Decree and shall serve the application on the United States Trustee, together with a proposed Final Decree. The United States Trustee shall review the status of the case before consenting to the court's entry of the Final Decree.

C. **Substantial Consummation:** Substantial consummation will be achieved upon confirmation of the Plan and Debtors' first payments deposited into the account for creditors in Class 3, 4 5 and 8.

D. **Vesting of Property in Debtor:** On the Effective Date, all property of the estate shall vest in the Reorganized Debtors pursuant to Section 1141(b) of the Bankruptcy Code, provided that the vesting of said property shall be without prejudice to and shall not act as a bar to a post-confirmation motion to convert this case to one under Chapter 7 of Title 11 by the United States

Trustee or any other party in interest on any appropriate grounds, and, upon the granting of such motion, the Plan shall terminate and the Chapter 7 estate shall consist of all remaining property in the Chapter 11 estate not already administered. Such remaining property shall be administered by the Chapter 7 Trustee as prescribed in Chapter 7 of the Bankruptcy Code. The Reorganized Debtors reserve the right to oppose any such motion.

E. **Post-Confirmation Professional Fees:** A professional performing post-confirmation services for the Debtors are not required to obtain court approval of his/her fees and costs.

F. **Modification of the Plan:** The Plan may be altered, amended or modified by the Debtors before or after Confirmation as provided in Section 1127 of the Bankruptcy Code. Debtors may modify the Plan prior to the Effective Date if the Court determines that the modification does not materially or adversely affect

G. **Notices:** Any notice to Debtors shall be in writing and mailed and shall be deemed to have been given three days after the date sent by first class mail, postage prepaid and addressed as follows:

> Patrick Calhoun, Esq.
> SAGARIA LAW, P.C.
> 333 W. San Carlos, Suite 1700
> San Jose, CA 95110

H. **United States Trustee Fees:** Debtors shall pay United States Trustee fees until the case is closed pursuant to a Final Decree.

I. **Prepayment/Moratoria:** Nothing in the Plan shall prevent Debtors from completing the Plan earlier than scheduled. Debtors also reserve the right to postpone payments for short periods of time if such postponement assists Debtors in completing the Plan.

J. **Discharge:** Upon confirmation of the Plan, Debtors will emerge from bankruptcy and be working under contract with its creditors.

## ARTICLE VIII

## POST-CONFIRMATION REPORTS AND FEES

A. **Post-Confirmation United States Trustee Quarterly Fees:** A quarterly fee shall be paid by the Reorganized Debtors to the United States Trustee, based upon all disbursements made by Debtor, post-confirmation, until this case is converted, dismissed or closed pursuant to a Final Decree as required by 28 U.S.C. § 1930(a)(6). Reports shall include an analysis of plan payments placed in trust for creditors.

B. **Chapter 11 Post-Confirmation Reports and Final Decree:** At the end of the calendar quarter first occurring after entry of the Confirmation Order, the Reorganized Debtors shall file a post-confirmation status report, the purpose of which is to explain the progress made toward substantial

consummation of the confirmed plan of reorganization. The report shall include a statement of receipts and disbursements, with the ending cash balance, for the entire 90 day period. The report shall also include information sufficiently comprehensive to enable the court to determine: (1) whether the order confirming the Plan has become final; (2) whether deposits, if any, required by the Plan have been distributed; (3) whether any property proposed by the Plan to be transferred has been transferred; (4) whether the Reorganized Debtors under the Plan has assumed the business or the management of the property dealt with by the Plan; (5) whether payments under the Plan have commenced; (6) whether accrued fees due to the United States Trustee under 28 U.S.C. §1930(a)(6) have been paid; and (7) whether all motions, contested matters and adversary proceedings have been finally resolved. Further reports will be filed every 90 days thereafter until entry of the Final Decree. The Reorganized Debtors will continue to provide reports concerning the Plan payments to the United States Trustee until the case is closed.

C. **Service of Reports:** A copy of each report shall be served, no later than three days from the date it is filed with the court, upon the United States Trustee and other such persons or entities as my request such reports in writing, by notice served on Debtors and Debtors' attorney.

# ARTICLE IX

## CONCLUSION

Nilesh Shah and Jagruti Nilesh Shah request that creditors vote to approve the Plan.

                                          Respectfully submitted,
                                          SAGARIA LAW, P.C.

Dated: April 7, 2011                    */s/ Patrick Calhoun*
                                          Patrick Calhoun
                                          Debtors' Attorney

Dated: April 7, 2011                    */s/ Nilesh Shah*
                                          Nilesh Shah

Dated: April 7, 2011                    */s/ Jagruti Nilesh Shah*
                                          Jagruti Nilesh Shah